# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| Jorge Ramirez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:13-cv-00706-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| Federal Home Loan Mortgage Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion for Reconsideration (ECF No. 16) and Motion for Hearing (ECF No. 17) filed by *pro se* Plaintiff Jorge Ramirez.  Defendant Federal Home Loan Mortgage Corporation has filed a Response to both motions (ECF Nos. 18, 19), and Plaintiff has not filed any Reply.  The briefing deadlines have expired and the motions are ripe.

## I. BACKGROUND

In March 2013, Plaintiff filed his Complaint (ECF No. 1-1) in state court, and Defendant removed the action to this Court on April 25, 2013. (ECF No. 1.)  Defendant filed a Motion to Dismiss (ECF No. 7) on April 30, 2013, and Plaintiff never responded.  Defendant filed a Notice of Non-Opposition (ECF No. 12) on June 18, 2013, and the Court entered an Order (ECF No. 13) on June 19, 2013, granting the Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice.  Plaintiff filed the instant motions on June 26, 2013, requesting reconsideration and an evidentiary hearing on the merits; and he did not file any Reply to Defendant's Responses (ECF Nos. 18, 19).

## II. LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order.  This rule, governing relief from a judgment or order, provides in

part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### III. DISCUSSION

Here, the Court finds no grounds justifying reconsideration of dismissal, an evidentiary hearing, or any other relief requested by Plaintiff.  Plaintiff claims that he did not receive a copy of the Motion to Dismiss, but even if this is true, Plaintiff does not explain why he failed to take any action to prosecute his claims after removal to this Court in April.  Plaintiff states that he received a copy of the notice of removal from state court to this Court, but provides no reason for his failure to follow up on the status of his case until months later, after the case was closed.  Moreover, the Court's review of Plaintiff's claims in the Complaint (ECF No. 1-1) indicate that dismissal of his claims is also warranted for failure to state a legally cognizable claim and the grounds upon which it rests pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and

authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). Before dismissing a case for failing to follow local rules or for failure to prosecute, a district court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).

Here, Plaintiff's failure to timely respond to Defendants' motion or prosecute his claims unreasonably delayed the resolution of the case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The fifth factor does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits. After removal, Plaintiff failed to take any action before the case was dismissed. Accordingly, consideration of the five factors discussed above weighs in favor of dismissal. Nevertheless, in consideration of Plaintiff's *pro se* status, with this Order, the Court will amend its prior Order and dismiss Plaintiff's Complaint without prejudice. The case shall remain closed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (ECF No. 16) and Motion for Hearing (ECF No. 17) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter the amended version of the Court's June 19, 2013, Order at ECF No. 13, as provided by the Court.

**DATED** this 31st day of December, 2013.

_____
Gloria M. Navarro
United States District Judge